IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SIERRA 76, INC., | ) | CASE NO. 1:11 CV 1264 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| TA OPERATING, LLC, | ) | |
| Defendant. | ) | MEMORANDUM OPINION AND ORDER |

Before the Court is Defendant's Motion for Reconsideration. (ECF #21). Plaintiff filed a Brief in Opposition to Defendant's Motion. (ECF #23). Having reviewed the arguments by both parties and the applicable law, the Court hereby denies Defendant's motion. The motion cites no law or facts that were not available at the time of their original Motion for Summary Judgment. A motion for reconsideration is not a means by which a party may raise issues or facts that were or could have been addressed in the original proceedings.

Defendant raises no new evidence; points to no intervening change of controlling law; and, fails to reveal any clear error in the prior Order. *See Rodriguez v. Tennessee Laborers Health & Welfare Fund* (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991). In

essence, Defendant is asking the Court to reconsider its opinion because Defendant disagrees with the conclusion reached. The Court considered and applied all of the relevant law argued by the Defendant now and at the time of the original opinion, and applied the exact standard that is emphatically argued by the Defendant again in its motion to reconsider. The parties agreed that the Ohio Supreme Court has not spoken on the exact issue before the Court, and that court of appeals opinions should, therefore, be considered. The parties also agree that there is a split amongst the Districts as to whether equitable principles should be considered when determining whether equitable principles can be applied when determining whether a commercial tenant's failure to timely exercise a renewal option bars a later attempt to renew the lease agreement.

Following Ohio Supreme Court case law, which supports giving meaning to the written words of the contract, the court applied the choice of law provision in the contract, which elevates the case the case law from the Eighth District Court of Appeals above other court of appeals opinions. The Eighth District approves of using equitable considerations to evaluate a lease renewal under these circumstances. This position, though seemingly at odds with the general tenant that contracts are not subject to equitable revision does not contradict any hard and fast rule of the Ohio Supreme Court, as even the Ohio Supreme Court has strayed from the general principle stated above, considering the equities in connection with a commercial contract. *Joseph J. Feed v. Cassinelli*, 23 Ohio St.3d 94 (1986). Therefore, considering that the contract itself included a choice of law provision that led the Court's decision; considering that the Ohio Supreme Court case law would suggest that this Court give meaning to the choice of law provision that was contained in the contract; and, considering that the Ohio Supreme Court has itself occasionally strayed from the general rule that equitable considerations should not be

considered when applying the terms of a contract, Defendant has not demonstrated that the Ohio Supreme Court would necessarily decide this matter differently. *See, In Re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005). The Court's prior opinion, therefore, contains no clear error. As Defendant has failed to establish any justification for reconsidering the Court's prior Order, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

Date: February 23, 2012