IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | ) | |
|---|---|---|
| SIERRA 76, INC., | ) | CASE NO. 1:11 CV 1264 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TA OPERATING, LLC, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court subsequent to a two-day trial with an advisory jury, pursuant to Fed. R. Civ. P. 39(c)(1). Plaintiff called two witnesses: Marcy Barba, and David Joseph Raco. Defendant did not call any witnesses. Both sides submitted exhibits. Following trial, the parties were given the opportunity to submit proposed findings of fact and conclusions of law, or other supplemental briefing. The issues have now been fully presented.

## PROCEDURAL HISTORY

Plaintiff Sierra 76, Inc., and Defendant TA Operating LLC, entered into a lease that allowed Plaintiff to operate a casino on Defendant's property (the "Casino Lease"). The Casino Lease included three five-year options to renew at Plaintiff's election. To exercise the renewal option, the Casino Lease required Plaintiff to give written notice of the intent to renew fifteen

(15) months prior to the end of the lease term.  Plaintiff failed to provide timely notice of its intent to renew.  Plaintiff did give notice of intent to renew after the notice deadline had passed, and before TA Operating negotiated another lease.  Subsequently, TA Operating made arrangements to lease the property to a third party.

In this action, Sierra 76 seeks equitable relief from the literal enforcement of the Casino Lease renewal provisions.  Sierra 76 seeks a declaratory judgment that would: (1) enforce Sierra's written notice of its option to renew the Casino Lease and declare the lease renewed; and, (2) prohibit TA Operating LLC from evicting Sierra 76, as a result of Sierra 76, Inc.'s delay in exercising its written option to renew the Casino Lease.

Both parties sought summary judgment.  The Court denied the summary judgment motions because a genuine issue of material fact existed concerning whether the present circumstances warranted equitable relief.  Although Ohio Supreme Court law generally holds that the clear and unambiguous language of a contract cannot be altered through the application of equitable principles, Ohio appellate districts are split as to whether an exception might apply when a lessee provides late notification of its intent to renew a lease.  (See, ECF #20).

Typically, this Court would have evaluated all of the relevant Ohio appellate decisions, in conjunction with the Ohio Supreme Court cases, to determine the overall state of Ohio law on this particular issue.  However, the Casino Lease included a choice of law provision by which the parties agreed to apply to the law of Ohio and, specifically, the law of Cuyahoga County, Ohio.  Although it is unclear whether there is any law unique to Cuyahoga County, the parties, for some reason unknown to this Court, agreed to include this choice of law provision, and the Court felt compelled give effect to this express language in the Casino Lease by applying

precedent from the Eighth District Court of Appeals, which has jurisdiction over Cuyahoga County, Ohio, rather than considering case law from all Ohio appellate districts.  Thus, even though this Court may believe that the Eighth District's position is in the minority with regard to whether equitable principles may be applied to relieve a lessee of obligations under the unambiguous language of the lease, the parties apparently agreed to abide by the Eighth District's decisions, through the express choice of law provision included in the contract.

The Eighth District accepts that equitable relief may be granted to excuse a lessee's failure to timely exercise an option to renew a lease when two elements are proven: (1) if the failure results from accident, fraud, surprise, honest mistake, and, (2) when it has not prejudiced the lessor.  Therefore, applying the law as set forth by the Eighth District, this Court found that equitable relief was possible under the circumstances, and that there was a question of fact as to whether the two conditions required for equitable relief were satisfied in this case.  For these reasons, the Court denied both parties' motions for summary judgment, and set the case for trial.

Trial of this matter commenced on March 20, 2012, before an advisory jury, pursuant to Fed. R. Civ. P. 39(c)(1).  On March 21, 2012, following two days of trial, the jury answered the following interrogatories as indicated:

### Interrogatory No.1

Was Plaintiff, Sierra 76, Inc.'s failure to provide timely notice of its intent to renew the lease the result of accident, surprise, or honest mistake?    "YES."

### Interrogatory No. 2

Did Plaintiff, Sierra 76, Inc.'s failure to provide timely notice of its intent to renew the lease prejudice the Defendant, TA Operating, LLC?           "NO."

After the advisory jury returned this finding, the parties were given a final opportunity to present their proposed findings of fact and conclusions of law. The Court is not bound by the advisory jury's determination, but finds that it comports fully with the weight of the evidence presented at trial.

## ANALYSIS

1. Applicable law

The question at trial was whether equitable relief was warranted to relieve Plaintiff, Sierra 76, of the consequences of its failure to timely notify Defendant, TA Operating, of its intent to renew the Casino Lease. Equitable relief may be granted (under the current case law of the Eighth District Court of Appeals for Cuyahoga County, Ohio) if the failure to provide timely notification resulted from accident, fraud, surprise, honest mistake, and if it did not prejudice the lessor.

2. Stipulated Facts[1]

The parties agreed to the following facts:

(1) the business at issue is a casino located at a truck stop in Sparks, Nevada.

(2) Sierra 76, Inc. ("Sierra") – has operated the casino (the "Casino Property") from its inception in the early 1970's to the present.

(3) The lease at issue is between Sierra dn TA ("the Lease") and was entered into effective January 1, 2002 for an initial term of ten years with three five-year options to renew.

---

[1] The stipulated facts were taken from the *Joint Statement of Facts*, (ECF # 28), which was filed prior to trial.

  (4)  Sierra have never failed to pay its rent under the Lease.

  (5)  In August, 2010, Sierra added a sports book betting facility at the Casino Property through a five (5) year sublease with a Club Cal Neva pursuant to a sublease that was submitted to and approved by TA.

  (6)  Sierra did not send written notice to TA on or before November 1, 2010 formally exercising its first renewal option under the Lease.

3. <u>Evidence at Trial</u>

Plaintiff presented evidence, through the direct testimony of Sierra 76's Chief Operating Officer, Marcy Barba, that she had calendared the Casino Lease renewal date on her Microsoft Outlook calendar, but that her calendar had been erased due to a computer virus several months prior to the renewal deadline. Ms. Barba also testified that she had indicated her intent to renew indirectly by seeking TA's approval of a sublease that would extend past the current Casino Lease expiration date, and by seeking TA's assistance in obtaining a liquor permit for the premises. Ms. Barba also testified that she was working in conjunction with TA to make several improvements to the property after the renewal deadline had passed. Ms. Barba testified that upon realizing she had missed the renewal deadline, she immediately provided written notice of her desire to renew the Casino Lease. This notice was provided just under one year prior to the expiration of the ten year lease. Ms. Barba also testified that she had communicated with TA prior to the renewal deadline about negotiating a reduced lease rate going forward because of a downturn in the economy that resulted in reduced profits from the casino.

Evidence was also presented to show that TA had a prior agreement with Cashell Enterprises, Inc., stemming from a 2008 lease agreement, in which TA agreed that it would not

"extend or renew any existing agreement it has with any gaming operation for any travel center in the State without first offering and undertaking to negotiate in good faith (for up to thirty (30) days) to permit [Cashell Enterprises, Inc.] to operate the gaming in such travel center. Subsequent to signing this agreement, TA entered into a Forbearance Agreement with Cashell which prohibited Cashell from establishing any new casino operations without the express consent of TA. Further, there was evidence presented to show that TA entered into negotiations with Cashell for a lease of the Sierra 76 property in February of 2011, after Ms. Barba had given the admittedly late written notice of intent to renew Sierra 76's Casino Lease at that location. There was further evidence that Cashell did not submit a proposal relative to leasing the subject property until June of 2011 (well after the thirty day period of good faith negotiations required under their prior lease agreement with TA), and no final agreement to lease was reached with Cashell until September of 2011.

## **FINDINGS OF FACT/CONCLUSIONS OF LAW**

The Court makes the following findings of fact and conclusions of law based upon the evidence presented at trial:

1. Sierra 76's failure to provide timely notice of its intent to renew the Casino Lease was the result of accident, surprise, or honest mistake.

2. TA Operating LLC was not prejudiced by Sierra's failure to provide timely notice of its intent to renew the Casino Lease.

3. Applying the law as set forth by the Eight District Court of Appeals in Ohio, when the failure to provide late notice of an intent to renew a commercial lease is the result of accident, surprise, or honest mistake; and, when it does not prejudice

           the lessor, the Court may grant equitable relief and give legal effect to the late notice.

4. Because there was sufficient evidence to show that Sierra's failure to provide timely notice of its intent to renew was the result of accident, surprise, or honest mistake, and that it did not prejudice TA, the Court finds that equitable relief is warranted in this case.

5. The equities weigh in favor of allowing Sierra to renew the Casino Lease, subject to the terms of the original Casino Lease agreement, despite having missed the renewal deadline set forth in the original agreement.

6. The equitable finding in this case does not create a waiver by TA of the renewal deadline established for any future extensions, nor does it have any future effect on the enforcement of the written terms of the Casino Lease agreement.

## CONCLUSION

For the foregoing reasons this Court finds in favor of the Plaintiff, Sierra 76, Inc., and against Defendant, TA Operating LLC, on its claims.  Sierra's renewal of the Casino Lease agreement is deemed effective as a matter of law.  Costs are assessed to the Defendant.  IT IS SO ORDERED.


                                                    /s/ Donald C. Nugent
                                                    Judge Donald C. Nugent
                                                    United States District Judge

DATED:   April 17, 2012